UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AARON MICHAEL HUSEK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 9-231-B-W |
| | ) |
| BANGOR, CITY OF, | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING IFP**
and
**RECOMMENDED DECISION ON "TRO"**

Aaron Husek has filed two documents with this court, a motion to proceed in forma pauperis and a "Motion for Temporary Restraining Order." There is no underlying complaint and I am left to guess what possible claim Husek may be asserting against the City of Bangor and what would be the basis of this court's jurisdiction. Since Husek claims the City is currently in the process of destroying his property in the absence of "any Order from any Court," I could speculate that Husek, a pro se litigant, is asserting a violation of his federal constitutional right to procedural due process under the Fourteenth Amendment.

My review of the application to proceed in forma pauperis suggests Husek is eligible to proceed without prepayment of the filing fee and I will grant his motion.

Rule 65 (b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders issued with or without notice to the opposing party. I note as a preliminary matter that if Husek is asking this court to issue this TRO on an ex parte basis, Husek has not filed an affidavit or verified complaint containing specific facts nor has he shown in writing what efforts he has made to give notice to the City regarding his motion for a temporary restraining order and therefore he has not satisfied the prerequisites that must be met prior to issuance of an

ex parte order.  See Fed. R. Civ. P. 65(b)(A-B).  However, even if Husek remedied these deficiencies and gave proper notice to the City of Bangor, his pleadings would not entitle him to the relief he seeks.

> When deciding a motion for a preliminary injunction, a district court weighs several factors: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction;  (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." United States v. Weikert, 504 F.3d 1, 5 (1st Cir. 2007).  The first factor, the plaintiff's likelihood of success, is "the touchstone of the preliminary injunction inquiry."  Philip Morris, Inc. v. Harshbarger, 159 F.3d 670, 674 (1st Cir. 1998).

Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008).

Husek failed to provide this court with any of the factual background that has led to the City's destruction of his property.  In the most basic terms, he has not provided the court with the who, what, where, when, and why of his story.  It is clear from his motion that the City did not just appear on the scene and begin destroying property this morning.  The conduct has apparently been ongoing since at least Wednesday, June 3, 2009.  Not all removal of personal property need necessarily be done pursuant to court order.  For instance, in cases involving filth that is potentially injurious to health, due process is afforded in Maine pursuant to 22 M.R.S. § 1561, which calls for notice from a local health officer, followed by a 24-hour opportunity to cure the private nuisance, but not for a hearing.   Thus, Husek's barebones allegation that his property is being destroyed and there is no court order does not necessarily allow this court to conclude that he has shown a likelihood of success on the merits of some as yet to be filed complaint.  I am not by any stretch of the imagination suggesting that the City is proceeding under 22 M.R.S.A. § 1561 in this situation.  I am, however, suggesting that is one plausible alternative based on the information Husek has provided to the Court and it is why it is impossible for this court to find

that Husek has shown a likelihood for success on the merits of his complaint (which, I repeat, has not even been filed).

Accordingly I would recommend that this motion for a temporary restraining order be denied. In the event Husek wishes to proceed with a civil action against the City of Bangor in this court, he has until June 15, 2009, to file a complaint that states a cognizable cause of action and sets forth a basis for federal jurisdiction, failing which this matter will be dismissed from the docket.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 5, 2009