UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AARON MICHAEL HUSEK,              )
                                 )
          Plaintiff,              )
                                 )
     v.                           )          CV-09-231-B-W
                                 )
BANGOR, CITY OF,                  )
                                 )
          Defendant.              )

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

The Court denies Aaron Michael Husek's motion for preliminary injunction on the ground that his constitutional claims against the City of Bangor for entering onto his premises, and removing and destroying his property are not likely to be successful on the merits.

**I.      STATEMENT OF FACTS**

On June 5, 2009, Aaron Michael Husek moved for a temporary restraining order (TRO) against the City of Bangor, claiming that the City was destroying his personal property at 18 Eighteenth Street in Bangor and seeking an order prohibiting it from doing so.  *Mot. for TRO* (Docket # 1).  The Magistrate Judge recommended denial of the motion, because without an underlying Complaint, she was "left to guess what possible claim Husek may be asserting against the City of Bangor and what would be the basis of this court's jurisdiction."  *Order Granting IFP and Recommended Decision on "TRO"* at 1 (Docket # 3) (*Order*).[1]  The Magistrate Judge said she could "speculate that Husek, a *pro se* litigant, is asserting a violation of his federal constitutional right to procedural due process under the Fourteenth Amendment."  *Id.*  She went on to say that the motion failed to provide the Court with "the who, what, where,

---

[1] The Magistrate Judge granted Mr. Husek's petition to proceed in forma pauperis.  *Order* at 1.

when, and why of his story." *Id.* at 2.  In the absence of essential specificity, she recommended denial of the motion for TRO.  *Id.*  Mr. Husek failed to object to the Recommended Decision and on June 24, 2009, the Court affirmed the recommendation.  *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 7).

On June 25, 2009, Mr. Husek filed a Complaint seeking a permanent injunction against the City, together with another motion for TRO and for preliminary injunction.  *Verified Compl. and Mots. for TRO and Prelim. Inj, for Protection From Unlawful Search and Seizure and Deprivation and Destruction of Personal Property* (Docket # 8) (*Compl.*).   The Complaint invokes the protection of the Fourth and Fifth Amendments to the United States Constitution.  *Id.* at 1.  Mr. Husek alleges that "on Wednesday, 3 June AD 2009 [agents of the City] entered upon the property at 18 Eighteenth Street, Bangor, Maine pursuant to a Maine District Court Order, dated 8 July AD 2008 which states in part:  '. . . to remove . . . all inoperative or unlicensed motor vehicles parked, kept, or stored on the premises; to remove certain rubbish and garbage . . .'"  *Id.* at 1-2.  Mr. Husek goes on to claim that the City destroyed several items of personal property and removed additional items not covered by the District Court Order.  *Id.* at 2.

Mr. Husek attached to his Complaint and motion two Orders from the Maine District Court.  The first Order, entitled Decision, is dated October 17, 2007 and was issued following a hearing on October 1, 2007.  *Compl.* at Attach. 2 (Docket # 8-3).  The Justice of the Maine District Court found that Mr. Husek had "allowed rubbish and trash to accumulate on his premises in violation of IMPC § 307.1 and failed to maintain these premises in a clean, safe and sanitary condition as required by IMPC § 302.1."  *Id.* at 2.  The Court rejected Mr. Husek's constitutional objections, noting that the City was acting in valid exercise of its police power.  *Id.* The Order authorized Brenda Bilotta, Environmental Health Inspector for the City of Bangor, to

enter onto Mr. Husek's property to inspect the premises to ensure compliance with city ordinances.  *Id.* at 3.  Further, the Court ordered him to remove all inoperative or unlicensed motor vehicles, to remove all rubbish and garbage, and to pay a civil penalty to the City.  *Id.*

The second Order is an Order on Motion for Contempt dated July 8, 2008.  *Compl.* at Attach. 3 (Docket # 8-4).  This Order reflects that the Court held two evidentiary hearings, one on June 10, 2008 and the other on July 2, 2008.  *Id.* at 1.  The Court found by clear and convincing evidence that on October 17, 2007, the Court had issued an Order against the Defendant, that the condition of the property had not improved since October 17, 2007, and that the Defendant had failed to comply with the October 17, 2007 Order.  *Id.*  The Court ordered:

> Unless the Defendant purges the contempt by complying with the October 17, 2007 Decision and Order within 7 days, the Court authorizes the Plaintiff to enter onto the property, without further action by the Court, to effect the cleaning up of the premises, with all costs borne by the City of Bangor to be recovered by separate action or placement of a lien upon the property.

*Id.* at 2-3.  Finally, the Court takes judicial notice of the case of *City of Bangor v. Husek*, No. Mem-09-71, 2009 Me. Unpub. LEXIS 75, at *1 (Apr. 28, 2009), in which the Supreme Judicial Court of Maine summarily affirmed the July 8, 2008 Order.

## II.    DISCUSSION

### A.    Legal Standard

The Court analyzes a request for a preliminary injunction through application of four well-established factors:

> (1) the likelihood of success on the merits;
> (2) the potential for irreparable harm [to the movant] if the injunction is denied;
> (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and,
> (4) the effect (if any) of the court's ruling on the public interest.

*Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (quoting *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004)).  As the moving party, Mr. Husek bears the burden of demonstrating that these factors "weigh in [his] favor."  *Esso Standard Oil Co.*, 445 F.3d at 18 (citing *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003)).

### B.      Likelihood of Success on the Merits

The "*sine qua non* of [the four-factor] formulation is whether the plaintiffs are likely to succeed on the merits."  *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993).  In light of the history of this litigation, the Court concludes that Mr. Husek is not likely to succeed on the merits in his generalized claims of constitutional violation against the City and he has thus failed to sustain his burden on the first essential criterion.  The City appears to have entered onto his property pursuant to two Orders, the last of which was affirmed by Maine's highest court.  Mr. Husek's assertion that in complying with these Orders, the City violated his Fourth Amendment rights against unreasonable search and seizure is frivolous.  His claim that the City violated his Fifth Amendment rights (more accurately a Fourteenth Amendment claim) is also frivolous to the extent he is claiming a predeprivation denial of due process.  The multiple evidentiary hearings and the appeal together satisfy the "right to prior notice and a hearing . . . central to the Constitution's command of due process."  *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53 (1993) (quoting *Fuentes v. Shevin*, 407 U.S. 67, 80-81 (1972)); *Clark v. Inhabitants of Palermo*, No. 07-CV-134-B-W, 2007 U.S. Dist. LEXIS 95152, at *10-12 (D. Me. Dec. 28, 2007).

Similarly, Mr. Husek's implied claim of a post-deprivation denial of due process also fails to justify the issuance of a preliminary injunction.  The *Parratt-Hudson* doctrine applies when alleged deprivations of property arise from random and unauthorized conduct and the state

affords a post-deprivation process that affords a meaningful opportunity for a remedy.  *Zinermon v. Burch*, 494 U.S. 113, 115 (1990); *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *Clark*, 2007 U.S. Dist. LEXIS 95152, at \*13.  To the extent Mr. Husek is asserting that the City negligently removed or destroyed personal property not covered by the earlier Orders, he does not state a due process claim.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Clark*, 2007 U.S. Dist. LEXIS 95152, at \*14.  Mr. Husek does not directly assert that the City engaged in an intentional deprivation of his due process rights by deliberately exceeding the scope of the Orders, this allegation could state a claim of constitutional dimension. *Zinerman*, 494 U.S. at 129; *Clark*, 2007 U.S. Dist. LEXIS 95152, at \*14-15.  However, Maine law affords an adequate post-deprivation remedy in a claim of conversion.  *Clark*, 2007 U.S. Dist. LEXIS 95152, at \*15.

In sum, even if the allegations in Mr. Husek's Complaint are interpreted generously in his favor in light of his *pro se* status, the allegations and the supporting documents fail to sustain his burden to demonstrate that his claims are likely to be successful on the merits.  As Mr. Husek's claim founders on the first factor, the Court need go no further.  However, a cursory examination of the remaining three factors establishes that Mr. Husek's claim for injunctive relief would fare no better under the remaining three criteria.

## III.   CONCLUSION

The Court DENIES Aaron Michael Husek's motion for preliminary injunction (Docket # 9).[2]

SO ORDERED.

---

[2] The Court also denies Mr. Husek's motion for TRO (Docket # 9).  Based on Mr. Husek's failure to object to the Recommended Decision, the Court denied his motion for TRO on June 24, 2009 and he has presented no cognizable basis upon which the Court should revisit that Order.  In any event, the motion for TRO would fail for the same reason the motion for preliminary injunction fails.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE


Dated this 30th day of June, 2009