UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AARON MICHAEL HUSEK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BANGOR, CITY OF, )<br>)<br>    Defendant. ) | Civil No. 9-231-B-W |

**RECOMMENDED DECISION**

Once again, the defendant in Aaron Husek's civil action, the City of Bangor, has filed a motion to dismiss this action. With respect to an earlier motion to dismiss, they moved for this relief on the ground that Husek had failed to make service in a timely fashion and, for reasons that do not need to be rehashed here, I recommended denying that motion and this Court adopted that recommendation. The City of Bangor has now filed a motion to dismiss which argues that the action is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 24.) Husek has not responded to this motion, and his time for doing so has elapsed. Also pending is a motion for a temporary restraining order. (Doc. No. 22.)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." To decide a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007

Because Husek is a pro se litigant, his complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Husek must still defend his action within the context of the pleading rules. See, e.g., Collins v. Colorado Dept. of Corrections, Civ. No. 08-cv-02657-WYD-KMT.2010 WL 254959, 8 (D. Colo. Jan. 15, 2010). District of Maine Local Rule 7(b) provides: "Unless within twenty-one (21) days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." As for Husek's failure to file a response to the motion to dismiss, it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) (footnote omitted) (citing See Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 & n. 1 (1st Cir.1990)). But this discretion "'is not unbridled.'" Id. at 7 n.6 (quoting United States v. Roberts, 978 F.2d 12, 20 (1st Cir. 1992)).

In this instance the Court need not base dismissal on Husek's failure to respond to the motion to dismiss because, if one looks at the allegations of the complaint, it is clear that the defendant is entitled to dismissal of this complaint for failure to state a claim. The defendant's motion to dismiss nicely summarizes why the complaint fails to state a claim against the city and gives a procedural history of this litigation in the state court. (Mot. Dismiss at 3-6.) In addition, in denying Husek's motion for a preliminary injunction this Court characterized Husek's Fourth and Fifth/Fourteenth Amendment claims as frivolous. Husek v. City of Bangor, 630 F.Supp.2d

107, 110 (D. Me. 2009). It also indicated that any pre or post deprivation due process claim had no legs. Id. Accordingly, I recommend that the court grant the motion to dismiss (Doc. No.24) under Federal Rule of Civil Procedure 12(b)(6), in which case the pending motion for a temporary restraining order is mooted (Doc. No. 20).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 28, 2010.